Troy ALEXANDER, Plaintiff–
Appellant,

v.

HODELL, Police Officer, Syracuse,
Yarema, Police Officer, Syracuse,
Defendants–Appellees.

No. 04–1889–PR.

United States Court of Appeals,
Second Circuit.

Jan. 7, 2005.

Troy Alexander, Syracuse, NY., for
Plaintiff–Appellant, pro se.

Terri Bright, Corporation Counsel,
(Mary Anne Doherty), Syracuse, NY., for
Defendants–Appellees, of counsel.

Present: MESKILL, CALABRESI, and
WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,

**AND DECREED** that the judgment of the District Court is **AFFIRMED.**

On October 15, 2001, plaintiff-appellant Troy Alexander was pulled over by defendants-appellees Officers Yarema and Hodell (collectively, "the officers") of the Syracuse Police Department. The officers had recently been notified that a murder suspect was likely in the area driving a green Mazda MPV. Alexander claims that the officers, after pulling over his green Mazda MPV, threw him to the ground, handcuffed him, and searched his car. That search revealed, *inter alia*, (1) a knife on Alexander's person, and (2) more than $800 in cash. Alexander asserts that the officers confiscated these items, and that they have not yet returned the knife or a portion of the money.[1]

On April 26, 2002, Alexander filed suit, pursuant to 42 U.S.C. § 1983, against the officers. In his complaint, he alleged that the officers conducted an illegal search and seizure in violation of the Fourth Amendment, and deprived him of his property in violation of the Fourteenth Amendment. The district court (Magnuson, *J.*)[2] granted summary judgment in favor of the officers on March 24, 2004. The court determined that no civil rights violations had occurred, and that in any event, the officers were, as a matter of law, entitled to qualified immunity. Alexander now appeals the district court's entry of judgment in favor of the officers.

We review *de novo* a district court's grant of summary judgment, resolving all ambiguities and drawing all factual inferences in favor of the non-moving party. *See, e.g., Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 202–03 (2d Cir.1995). Summary judgment is appropriate only if no genuine issues of material fact exist, and if, on the undisputed facts, the moving party is entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999).

We agree with the district court's conclusion that, even if the officers violated Alexander's Fourth Amendment rights by using force sufficient to transform the stop into an arrest without probable cause, the officers were entitled to qualified immunity. *See, e.g., Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (holding that qualified immunity is appropriate where "officers of reasonable competence could disagree" as to legality of actions). Taking all the facts alleged by Alexander as true, we cannot say that, under these rather extreme circumstances-including the report of a murder suspect in the area, and the exact match of Alexander's car with the suspect's vehicle—no officer of reasonable competence could believe that this degree of force was warranted during the stop. *Cf. United States v. Vargas,* 369 F.3d 98, 102 (2d Cir.2004) ("[A]lthough under ordinary circumstances, drawing weapons and using handcuffs are not part of a *Terry* stop, intrusive and aggressive police conduct is not an arrest when it is a reasonable response to legitimate safety concerns on the part of the investigating officers.") (internal quotation marks omitted). Ac-

---

1. The parties all agree that $811 was returned to Alexander by the Syracuse Police Department on October 16, 2001. But the exact amount seized by the officers is in dispute. In his brief, Alexander suggests that the officers seized $821. At oral argument, Alexander argued that the officers actually seized more than $1,000. The officers maintain that they seized only $811, and that their initial count of the money—which led them to issue a receipt for $821—was the result of a miscalculation.

2. The Honorable Paul A. Magnuson, United States District Court for the District of Minnesota, visiting the Northern District of New York pursuant to 28 U.S.C. § 294(d).

cordingly, the district court did not err in awarding summary judgment to the officers on Alexander's Fourth Amendment claims.

■ Alexander's due process claim is similarly unavailing. To state a due process violation for the random and unauthorized seizure of property, a plaintiff must demonstrate that adequate post-deprivation remedies are not available. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Alexandre v. Cortes*, 140 F.3d 406, 411–12 (2d Cir.1998). Accepting as true all of Alexander's allegations, he does not state a cognizable claim under 42 U.S.C. § 1983, because state law remedies for various torts (including replevin and trespass to chattels) are adequate to redress the injury he asserts.

We have considered all of Alexander's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.